IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. **1:09CV376**

David Ray Phillips, )
)
    Plaintiff, )
)
v. ) **COMPLAINT**
) **AND DEMAND FOR**
CBCS a/k/a Credit Bureau ) **JURY TRIAL**
Collection Services, Inc., )
K. Hassen, Mary Sakash, )
Dirk M. Cantrell, and )
John and/or Jane Does, )
)
Defendants. )

## I. INTRODUCTION

1. This is an action by a consumer, David Ray Phillips, seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, David Ray Phillips, is a natural person residing in East Bend, County of Yadkin, North Carolina. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, CBCS, is an Ohio State corporation engaged in the business of collecting debt in this state with its principal place of business located at Columbus, Ohio. The principal purpose of Defendant CBCS is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant K. Hassen, is an employee of CBCS.

6. Defendant Marcy Sakash is an employee of CBCS. She is also a collection manager for CBCS.

7. Defendant Dirk M. Cantrell is Secretary and Treasurer of CBCS. He is also an employee of CBCS.

8. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

9. The Defendants have engaged in a campaign of debt collection abuse aimed at David Ray Phillips.

10. The debt collection abuse includes, but is not limited to, attempting to collect a debt that is not owed by David Ray Phillips; harassing David Ray Phillips by telephone in an

2

attempt to collect a debt that is not owed; and failing to cease communication with Plaintiff after notification in writing was received.

11. On June 28th, 2008, Plaintiff received from Defendant CBCS, a letter dated June 22, 2008, claiming an alleged debt of $13,858.39 owed by Plaintiff to Discover Card, which also made a settlement offer to Plaintiff of $5,543.36 (copy attached and made part herein by reference as exhibit A).

12. On July 25th, 2008, Plaintiff sent Defendant CBCS a cease and desist letter disputing the alleged debt (for the sixth time), and demanded verification and validation of said alleged debt. This letter was received by Defendant on July 30th, 2008, at 8:20 a.m. by one K. Hassen (copy attached and made part herein by reference as exhibit B).

13. On July 20th, 2008, at least 2 days prior to the expiration of the 30 day response time stated in their own letter, and required by law, Defendant CBCS did send an additional dunning letter to Plaintiff demanding payment if full. This letter was received by Plaintiff on July 26th, 2008 (copy attached and made part herein by reference as exhibit C).

14. On July 30th, 2008, after 8:20 a.m., after receiving Plaintiff's cease and desist letter, Defendant did, on 3 separate occasions (see exhibit D), use the phone and called and harassed Plaintiff.[1]

15. On July 31st, 2008, Plaintiff sent an additional cease and desist letter to Defendant, with a list of phone calls received by Plaintiff from Defendant. This letter was

---

[1] *Daschak v. Raritan Valley Collection Agency*, 1989 U.S. Dist. LEXIS 19103 (D.N.J. May 2, 1989)(not for publication). The requirement that a collector cease communication under Sect. 1692c(c) is effective upon the collector's actual receipt of the consumer's request that communications cease, even if the collector has not processed the request and has no actual knowledge of the request.

3

received by Defendant on August 1st, 2008, at 10:54 a.m. by one K. Hassen (copy attached and made part herein by reference as exhibit D).

16. Defendant did repeatedly call Plaintiff's residence over and over again on consecutive days; multiple times on many days and at various times throughout those days (see exhibit D).

17. No validation of the alleged debt was ever received by Plaintiff.

18. As a result of the acts and omissions of the Defendants, David Ray Phillips has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, and humiliation.

## V. CAUSE OF ACTION

19. The foregoing acts and omissions of the Defendants constitute violations of the FDCPA, including, but not limited to, §§ 1692c; c, (c), d, d(5), and g, g(b).

20. Plaintiff is entitled to declaratory relief, and to recover statutory damages, actual damages, and costs.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:
1. Enter a declaratory judgment that Defendants' practices violated the FDCPA;
2. Award Plaintiff actual damages;
3. Award Plaintiff statutory damages;
5. Award Plaintiff costs;
6. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

David Ray Phillips,
Plaintiff.

4